IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMESALES, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUTILIA CEJA,<br><br>　　　　　Defendant. | Case No.: 1:10-cv-01607 OWW JLT<br><br>AMENDED FINDINGS AND RECOMMENDATION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT<br><br>(Doc. 8) |

　　　　Currently before the Court is the motion to remand the action filed by Plaintiff Homesales, Inc. ("Homesales"). (Doc. 8) Though defendant Rutilia Ceja ("Ceja") removed this matter to the United States District Court from the Kern County Superior Court, he did not file an opposition to this motion. On October 13, 2010, the Court heard argument regarding this motion but neither Homesales nor Ceja appeared.

**I.  Procedural History**

　　　　The underlying state court complaint and its attachments detail that on April 21, 2010, Homesales purchased the real property located at 909 Stephen Court in Wasco, CA at a foreclosure sale. (Doc. 8 at 2) On May 6, 2010, Homesales served Ceja with a Notice to Quit the premises. Id. However, Ceja failed to leave the property. Id.

1

Homesales began this action by filing a complaint for unlawful detainer in the Kern County Superior Court, on August 16, 2010. (Doc. 8 at 2) Homesales sought possession of the property and rental value in the amount of $50 per day, beginning on August 6, 2010. Id. at 4. Notably, in the caption of the complaint, Homesales asserted that the amount demanded did not exceed $10,000. Id. at 2.

Ceja filed a "Notice of Removal" and a "Petition for Removal" on September 7, 2010, thereby commencing the action in this Court. (Docs. 1, 2) In his Notice of Removal, Ceja asserts that this Court has original jurisdiction according to 28 USC 1441(b). Ceja does not assert that the Court's jurisdiction may be founded upon diversity of citizenship.

Ceja's Petition for Removal reads like a complaint for damages. In it, Ceja asserts numerous "causes of action" related to the foreclosure of the real property and seeks damages including punitive damages and injunctive relief. (Doc. 2) Most notably, Ceja's Petition argues that the "District Court of the United States has original, concurrent jurisdiction over this cause of action" because "mortgage issues are Federal Bonds, which gives Federal Courts [j]urisdiction." (Doc. 2 at 2) Supporting this, Ceja argues that the mortgage issues are federal bonds regulated by federal laws, including RESPA, TILA, and the National Banking Act. Id.

## II.   Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove any matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. Id. at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. See

Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of proving its propriety.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute").

The Court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure.  28 U.S.C. § 1447(c).  A party opposing removal on the basis of a procedural defect must make a motion to remand within thirty days of the filing of the notice of removal.  Id.

### III.  Discussion and Analysis

Ceja "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  Sanchez v. Monumental Life Ins., 102 F.3d 398, 403 (9th Cir. 1996), citing Gaus, 980 F.2d at 677-67.  Ceja argues that removal was proper and the Court has jurisdiction over this matter because:

> 12 USC 1452(F) is federal claims, and all mortgage issues are Federal Bonds, which gives Federal Courts Jurisdiction. [Citation]  The instruments were regulated by federal RESPA law, TILA and federal national banking laws under the National Banking Act. . .and the prima facie law, USC Title 12, Banks and Banking.

(Doc. 2 at 2).  However, the determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

The unlawful detainer complaint filed in state court reveals that this Court lacks jurisdiction. First, the complaint makes no mention of the mortgage issues alleged by Ceja.  Through the unlawful detainer action, the complaint seeks only possession of the real property and for rental value for the

time period that Ceja has continued living in the property.  Importantly, an unlawful detainer action does not arise under federal law but arises, instead, under state law.  <u>Deutsche Bank Nat'l Trust Co. v. Solih Jora</u>, 2010 U.S. Dist. LEXIS 105453 at * 4 (E.D. Cal. Oct. 1, 2010)  Second, to have diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000.  28 U.S.C § 1332(a).  The complaint clearly sets forth in the caption, "AMOUNT DEMANDED DOES NOT EXCEED $10,000."  (Doc. 8-3 at 2)  Therefore, the Court has no subject matter or diversity jurisdiction.

**IV.  Findings and Recommendations**

It appears that Ceja's filing here was an improper attempt to thwart and delay the state court lawsuit.  Ceja's assertions lack support and he fails to establish any basis for federal court jurisdiction.  The Court hereby **RECOMMENDS** that:

1.  The motion to remand be **GRANTED**;
2.  The matter be **REMANDED** to the Kern County Superior Court; and
3.  Because the order remanding this matter to state court concludes this case, the Clerk of the Court be ordered to close this matter.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 14 days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **October 13, 2010**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE